**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In re:                                                     Chapter 11
                                                          Case No: 6:15-bk-7275-KSJ
PROGRESSIVE PLUMBING, INC.,
PROGRESSIVE SERVICES, LLC,
and GRACIOUS LIVING DESIGN
CENTER, INC.,

     Debtors.

_____/

PROGRESSIVE PLUMBING, INC.

     Plaintiff/Debtor

v.                                                        Case No:  5:16-cv-59-Oc-30PRL


THE EVERGREEN CORPORATION
and ALLIED WORLD SPECIALTY
INSURANCE COMPANY,

     Defendants.

_____/


# <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant The Evergreen

Corporation's ("Evergreen") Motion for Withdrawal of the Reference and for Transfer of

Venue (Doc. 1), Allied World Specialty Insurance Company's ("Allied") response (Doc.

3), and Evergreen's reply (Doc. 6).[1]   The Court, having reviewed the motion, response, and reply, and being otherwise fully advised in the premises, concludes that Evergreen's motion should be denied.

On October 23, 2015, Progressive Plumbing, Inc. ("Progressive") initiated this adversary proceeding against Evergreen and Allied by filing a one-count complaint for declaratory relief seeking a declaration that no sums are due to Evergreen under a performance bond issued by Allied as Progressive's surety.  This proceeding arises out of a hotel construction project in Atlanta, Georgia, for which Evergreen served as general contractor.   Progressive served as a subcontractor to Evergreen and Allied served as Progressive's performance bond surety.

Allied answered the complaint in the adversary proceeding and filed a one-count cross-claim against Evergreen seeking declaratory judgment to determine the amounts due and owing under the performance bond.  Evergreen has not filed a proof of claim in the bankruptcy case and is not seeking recovery from the estate.  Rather, Evergreen sued Allied in Georgia state court to recover under the performance bond.  Evergreen currently seeks an order withdrawing the reference for the adversary proceeding and transfer of the matter to the Northern District of Georgia.[2]  (Doc. 1).

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown."  Although Congress has not defined "cause" in the

---

[1] Plaintiff/Debtor Progressive Plumbing, Inc. did not file a response.
[2] Alternatively, Evergreen seeks to compel arbitration of this matter.  (Doc. 7).

2

context of § 157(d), the Eleventh Circuit has remarked that it is not "an empty requirement." *See In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000) (citing *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991)).  In determining whether sufficient cause exists, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Parklane*, 927 F.2d at 536, n.5.  Additional factors that a district court may consider in determining whether cause exists for withdrawal of the reference include whether the claim is core or non-core; efficient use of judicial resources; the presence of a jury demand; and the prevention of delay.  *In re Hvide Marine towing, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000).

Upon due consideration of the relevant factors, the Court concludes that withdrawal of the reference at this time is not warranted.[3]  Permitting the adversary proceeding to remain in the bankruptcy court for disposition of pretrial matters, including any dispositive motions, advances the uniformity of the bankruptcy administration, decreases the likelihood of confusion, promotes the economical use of the parties' resources by limiting the bulk of the action to a single forum, and facilitates the efficient administration of Progressive's estate.

---

[3]The Court recognizes that Evergreen has filed a cross-claim against Allied in the adversary proceeding to pursue monetary damages under the performance bond and that Evergreen does not consent to a jury trial in the bankruptcy court. (Doc. 1 at 7-8).  But withdrawal of the reference on the basis of Evergreen's demand for a jury trial is premature.  The bankruptcy court is empowered to manage the pretrial matters of the case until it is ready for trial. *See In re Fundamental Long Term Care, Inc.*, Case No. 8:14-cv-1800-EAK, 2014 WL 4452711, at *3 (M.D. Fla. Sept. 9, 2014).  If and when the case is ready for trial, Evergreen may renew its request for withdrawal of the reference.

For the first time, the parties also raise the issue of arbitration and Evergreen has filed a motion seeking to compel arbitration as an alternative to transfer.  (Docs. 3, 6, 7). Since withdrawal of the reference has been denied, it is not appropriate for the Court to determine whether the parties should first pursue their claims through arbitration and leaves that matter for the bankruptcy court to resolve.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.   The Evergreen Corporation's ("Evergreen") Motion for Withdrawal of the Reference and for Transfer of Venue (Doc. 1) is DENIED without prejudice.

2.   The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of March, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4